```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL NO. 06-CR-399 (JCC)
                              )
KAREEM SAUNDERS,              )
                              )
     Defendant.               )
```

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's motion to dismiss for vagueness, lack of probable cause, and lack of subject matter and personal jurisdiction (docket #11); motion to suppress (docket #13); motion to dismiss charges for denial of due process (docket #14); and motion for bond (docket #15). Defendant also moved in open court to dismiss the superceding indictment on the grounds of double jeopardy, which was denied. While Defendant is represented by counsel, Defendant filed these motions *pro se.* For the foregoing reasons, all of Defendant's motions will be denied.

## I. Background

On August 3, 2006, Drug Enforcement Administration ("DEA") Task Force Officer Thomas R. Hanula ("Hanula") filed a criminal complaint and accompanying affidavit against Kareem A. Saunders ("Defendant") for conspiracy to distribute fifty grams or more of cocaine base, pursuant to 21 U.S.C. § 841(a)(1) and §

846. In the accompanying affidavit, Hanula stated the factual basis for his complaint as follows.

In 2003, Hanula began an investigation regarding the distribution of cocaine base in Arlington and Fairfax Counties in Virginia. During this investigation, information received from a cooperating witness identified Defendant as a distributor of cocaine and cocaine base. Several individuals were arrested, and also provided information regarding distribution of narcotics by Defendant. On or about July 23, 2003 law enforcement officers seized approximately twenty-eight grams of cocaine base from Defendant in Fairfax, VA.

In 2004, undercover officers arrested three subjects for conspiracy to distribute fifty grams or more of cocaine base in Arlington County. These three subjects (hereafter "CW-1," "CW-2," and "CW-3") pled guilty and agreed to cooperate with law enforcement. In the summer of 2005, CW-1 was introduced to Defendant, and discussed prices for large quantities of cocaine hydrochloride, a substance used to create cocaine base. At this time, Defendant gave CW-1 his cellular phone number. After the initial meeting, CW-1 and CW-2 met with Defendant in Maryland and purchased one kilogram of cocaine hydrochloride, which was then converted to cocaine base and distributed throughout the Eastern District of Virginia. CW-1 stated that he purchased approximately one kilogram of cocaine from Defendant on ten different occasions from the summer of 2005 to March of 2006, and

one of the transactions occurred in Arlington, VA.  CW-2 independently verified the information given by CW-1, and further testified that he purchased cocaine hydrochloride on four occasions in 2005.  CW-3 acted as the driver on two of those occasions.  The three cooperating witnesses all stated that Defendant obtained cocaine from a supplier in Baltimore, MD.

An additional cooperating witness ("CW-4") also identified Saunders as a source for CW-1 and CW-2.  Officers identified the phone number given to CW-1 as a number registered to Defendant Kareem Saunders.  In June of 2006, an undercover officer began to purchase cocaine base from subjects in Prince William County, VA.  Subsequent investigation and surveillance revealed Defendant as a supply source for those individuals.  On June 30, 2006 an undercover officer arranged to purchase fourteen grams of cocaine base.  During the transaction, officers observed Defendant provide a subject with approximately ten grams of cocaine base.  A field test confirmed that the item was cocaine.

Based on this information, provided by Hanula in a sworn affidavit and criminal complaint, a warrant was issued by United States Magistrate Judge Thomas Rawles Jones, Jr. for the arrest of Defendant Kareem A. Saunders on August 4, 2006.  On September 21, 2006 Defendant was indicted by a grand jury in the Eastern District of Virginia for conspiracy to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count I); possession of firearm in furtherance of drug

trafficking in violation of 18 U.S.C. § 924(c), and forfeiture of drug assets pursuant to 21 U.S.C. § 853 (Counts II and III).  On September 29, 2006 Defendant waived formal arraignment, entered a plea of not guilty, and demanded a jury trial.  Following this plea, Defendant filed pro se motions to dismiss for vagueness, lack of probable cause, and lack of subject matter and personal jurisdiction; to suppress the criminal complaint and dismiss charges with prejudice; and for bond.  These motions are currently before the Court.

## II.  Analysis

A.  Defendant's Motion to Dismiss

Defendant first argues that the United States government has no authority or jurisdiction to prosecute drug conspiracy charges.  Defendant's motion is without merit.  Defendant argues that 21 U.S.C. § 841 only applies to acts occurring in the District of Columbia or federal land, rendering the enforcement of federal statutes within any state unconstitutional.  Defendant then attempts to apply a number of unrelated constitutional maxims to the facts of this case, such as the contracts clause, denial of the republican form of government (Def.'s Mot. to Dismiss at 10), and overbreadth of statute (*Id.* at 5).  As stated on numerous occasions by the United States Supreme Court, these arguments have no merit.  Pursuant to the Commerce Clause, Congress has the power to enact and enforce the Controlled Substances act.  *See, e.g., Gonzalez*

*v. Raich,* 545 U.S. 1 (2005).  Clearly, this act is not unconstitutional.  Therefore, Defendant's motion should be denied.

    B.  <u>Defendant's Motion to Suppress and Dismiss Charges</u>

Defendant next moves this Court to suppress and dismiss charges for denial of due process.  Defendant claims false and unreliable facts were used to arrest him.  An affidavit must contain sufficient information to allow a magistrate to determine probable cause, and cannot be based merely on the bare conclusions of others.  *Illinois v. Gates,* 462 U.S. 213, 239 (1983).  The warrant to arrest Defendant was issued by a United States Magistrate Judge and based on an affidavit was sworn by a DEA agent.  The affidavit contained numerous facts, ranging from information provided by cooperating witnesses to activity actually witnessed by federal agents which provided probable cause that Defendant conspired to distribute cocaine and cocaine base.  Therefore, this motion lacks merit and will be denied.

    C.  <u>Defendant's Motion for Bail Bond</u>

Finally, Defendant moves this Court for bail bond on recognizance premised on alleged "lack of personal and subject matter jurisdiction."  Defendant's argument for bail bond is predicated upon his motion to dismiss for lack of jurisdiction.  This Court found *supra,* that the jurisdiction motion lacked merit.  Accordingly, Defendant's motion for bond which is based upon his motion to dismiss for lack of jurisdiction should also

be denied.

### III. Conclusion

For the reasons stated above, the Court will deny Defendant's *pro se* motions to dismiss for vagueness, lack of probable cause, and lack of subject matter and personal jurisdiction (docket #11); motion to suppress (docket #13); motion to dismiss charges for denial of due process (docket #14); and motion for bond (docket #15).  For the reasons stated in open court, Defendant's motion to dismiss the superceding indictment on the grounds of double jeopardy will also be denied.  An appropriate Order will issue.


November 22, 2006                     _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE