IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA      )
                              )
        v.                    )      CRIMINAL NO. 06-CR-399 (JCC)
                              )
KAREEM SAUNDERS,              )
                              )
        Defendant.            )

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's motion to suppress evidence of prior convictions, request for a written summary of expert testimony, motion to dismiss Count I of the superceding indictment, motion to require the Government to elect which indictment upon which to proceed and dismiss all other indictments, and motion for a pretrial hearing.

## I.  Background

On August 3, 2006, Drug Enforcement Administration ("DEA") Task Force Officer Thomas R. Hanula ("Hanula") filed a criminal complaint and accompanying affidavit against Kareem A. Saunders ("Defendant") for conspiracy to distribute fifty grams or more of cocaine base, pursuant to 21 U.S.C. §§ 841(a)(1) and § 846.  In the accompanying affidavit, Hanula stated the factual basis for his complaint as follows.

In 2003, Hanula began an investigation regarding the distribution of cocaine base in Arlington and Fairfax Counties in Virginia.  During this investigation, Defendant was identified by

a witness as a distributor of cocaine and cocaine base.  Several individuals were arrested, many of whom provided information regarding distribution of narcotics by Defendant.  On or about July 23, 2003, law enforcement officers seized approximately twenty-eight grams of cocaine base from Defendant in Fairfax, VA.

In 2004, undercover officers arrested three subjects for conspiracy to distribute fifty grams or more of cocaine base in Arlington County.  These three subjects (hereafter "CW-1," "CW-2," and "CW-3") pled guilty and agreed to cooperate with law enforcement.  In the summer of 2005, CW-1 was introduced to Defendant, and discussed prices for large quantities of cocaine hydrochloride, a substance used to create cocaine base.  At this time, Defendant gave CW-1 his cellular phone number.  After the initial meeting, CW-1 and CW-2 met with Defendant in Maryland and purchased one kilogram of cocaine hydrochloride, which was then converted to cocaine base and distributed throughout the Eastern District of Virginia.  CW-1 stated that he purchased approximately one kilogram of cocaine from Defendant on ten different occasions from the summer of 2005 to March of 2006, and one of the transactions occurred in Arlington, VA.  CW-2 independently verified the information given by CW-1, and further testified that he purchased cocaine hydrochloride on four occasions in 2005.  CW-3 acted as the driver on two of those occasions.  The three cooperating witnesses all stated that

Defendant obtained cocaine from a supplier in Baltimore, MD.

An additional cooperating witness ("CW-4") also identified Saunders as a source for CW-1 and CW-2.  Officers identified the phone number given to CW-1 as a number registered to Defendant Kareem Saunders.  In June of 2006, an undercover officer began to purchase cocaine base from subjects in Prince William County, VA.  Subsequent investigation and surveillance revealed Defendant as a supply source for those individuals.  On June 30, 2006, an undercover officer arranged to purchase fourteen grams of cocaine base.  During the transaction, officers observed Defendant provide a subject with approximately ten grams of cocaine base.  A field test confirmed that the item was cocaine.

Based on this information, provided by Hanula in a sworn affidavit and criminal complaint, a warrant was issued by United States Magistrate Judge Thomas Rawles Jones, Jr. for the arrest of Defendant Kareem A. Saunders on August 4, 2006.  On September 21, 2006 Defendant was indicted by a grand jury in the Eastern District of Virginia for conspiracy to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846; possession of firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c), and forfeiture of drug assets pursuant to 21 U.S.C. § 853.  On September 29, 2006 Defendant waived formal arraignment, entered a plea of not guilty, and

3

demanded a jury trial.  On November 16, 2006 a Grand Jury
returned a Superseding Indictment, and on December 7, 2006 a
Grand Jury returned a Second Superseding Indictment, supplanting
the prior indictments.  The Second Superseding Indictment charged
Defendants Kareem A. Saunders with conspiracy to distribute fifty
grams or more of crack cocaine and conspiracy to distribute five
kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841
and 846 ("Count I"); possession of a firearm in furtherance of
drug trafficking, in violation of 18 U.S.C. § 924(c) ("Count
III"); and forfeiture of drug assets, in violation of 21 U.S.C. §
853 ("Count IV").  The Second Superseding Indictment also charged
Robert Irwin Barbour with attempted possession with the intent to
distribute 500 grams or more of cocaine ("Count II") as well as
Counts I and III.

Following the entry of the Second Superseding
Indictment, Defendant filed motions to (1) suppress evidence of
prior convictions; (2) request for a written summary of expert
testimony; (3) dismiss Count I of the superceding indictment as
duplicitous; (4) require Government to elect which indictment
upon which to proceed and dismiss all other indictments; and (5)
for a pretrial hearing on the existence of a criminal conspiracy.
Oral argument was held on January 12, 2007.  At that time,
Defendant, by counsel, agreed that the Government had provided a
summary of expert testimony and specified that it was proceeding

4

upon the Second Superseding Indictment.  The corresponding
motions are therefore moot and have been withdrawn from
consideration by the Court.  Defendant's motion for a pretrial
hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals,* 509
U.S. 579 (1993) was granted in open Court.[1]  Accordingly, the
Court will only address the merits of the remaining motions.  The
remaining motions are currently before the Court, and for the
following reasons, Defendant's motions will be denied.

**<u>Analysis</u>**

<u>I.  Defendant's Motion to Suppress Evidence of Prior
Convictions</u>

Defendant moves this Court to suppress all evidence of
prior convictions pursuant to Rule 404(b) of the Federal Rules of
Evidence.  There are two prior convictions at issue; the first
being Defendant's 1995 conviction in the City of Alexandria
Circuit Court for distribution of cocaine, and the second being
Defendant's October 22, 2004 conviction in Fairfax County Circuit
Court fo possession of cocaine.  The Government has filed notice
of intent to offer the 2004 conviction, as well as evidence and
statements leading to that conviction, pursuant to F.R.E. 404(b).
At oral argument, the Government explicitly withdrew intent to
use the 1995 conviction only as impeachment evidence, should

---

[1]  A *Daubert* hearing will be conducted Wednesday, January 17, 2007 to
determine the qualifications of officer Newenhouse to testify regarding his
expertise with respect to drug conspiracies.

Defendant elect to testify. Accordingly, this Court will only consider the merits of Defendant's motion to exclude the 2004 conviction.

This Court must first examine the admissibility of the 2004 conviction under F.R.E. 404(b). Evidence of prior bad acts can be admissible if: (1) relevant to an issue other than the character of the defendant, such as intent; (2) necessary to prove an element of the crime charged; (3) reliable; and (4) the probative value of such evidence is not substantially outweighed by its prejudicial nature. *United States v. Queen,* 132 F.3d 991, 995 (4th Cir. 1997); *United States v. Rawle,* 845 F.2d 1244, 1247 (4th Cir. 1988).

A plea of not guilty to charges of drug conspiracy "puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." *United States v. Sanchez,* 118 F.3d 192, 196 (4th Cir. 1997). Furthermore, intent is an element that must be proven to sustain a conviction for the conspiracy charges under 21 U.S.C. §§ 841 and 846. In accordance with these general rules, the Fourth Circuit has found prior convictions admissible in similar circumstances, noting that they tend to show "the existence of a continuing narcotics business and...therefore knowledge of the drug trade and intent to distribute." *United States v. Hodge,* 354 F.3d 305, 312 (4th Cir. 2004); *see also Sanchez,* 118 F.3d at

6

196.

Because Defendant has pled not guilty to the charges of drug conspiracy in this case, his intent is at issue, and is a necessary element to establish guilt on the conspiracy charges. The Government seeks to offer evidence of Defendant's 2004 conviction to establish his intent and show knowledge of the drug trade and intent to distribute.  This Court finds the information reliable, as the recent conviction supported by the testimony of investigating officers and official documentation.  Finally, Defendant's argument that the 2004 conviction is unfairly prejudicial lacks merit.  The use of recent conviction in conjunction with testifying witnesses about Defendant's involvement in drug dealing is highly probative of intent, and does not unfairly prejudice the Defendant.  *See, e.g., Hodge,* 354 F.3d at 312 (finding "no genuine risk" of unfair prejudice for a three year old drug conviction in light of substantial evidence of drug activity).  Accordingly, this Court finds that the Government has satisfied the four *Sanchez* factors, and the evidence will be admissible under F.R.E. 404(b).

## II.  Motion to Dismiss Count I of the Indictment

Defendant next moves this Court to dismiss Count I of the Second Superseding Indictment as duplicitous, on the ground that it joins two or more distinct crimes in a single count.  It is well settled that the allegation in a single count of a

7

conspiracy to commit several crimes is not duplicitous, for "the conspiracy is the crime, and that is one, however diverse its objects." *Braverman v. United States,* 317 U.S. 49, 54 (1942); *see also United States v. Tedder,* 801 F.2d 1437 (4th Cir. 1986). Furthermore, the Government is free to charge the alternatives in situations where a statute may be violated by several means, and it is not duplicitous to charge in one count multiple means of committing the same offense.  *See generally, United States v. Bolden,* 325 F.3d 471 (4th Cir. 2003); *United States v. Brandon,* 298 F.3d 307 (4th Cir. 2002).

In sum, Defendant's argument that the indictment is duplicitous lacks merit.  Count I alleges a single conspiracy to commit two objects, namely to distribute fifty grams or more of crack cocaine and to distribute five kilograms or more of cocaine.  The crime charged in Count I is a conspiracy with multiple objects, and thus non-duplicitous under *Braverman.* Furthermore, the fact that the two objects themselves involve two separate statutes provides the Government with nothing more than alternative means of proving the conspiracy.  Accordingly, Defendant's motion will be denied.

### III.  Motion for a Pretrial Hearing on Conspiracy

As noted, the Court granted Defendant's motion for a pretrial *Daubert* hearing in open Court.  Nonetheless, this ruling is limited, and Defendant's motion will be denied to the extent

8

that it requests pretrial evidentiary hearings on the merits of the case itself.  The issues raised in Defendant's motion, such as whether a conspiracy existed, its scope, and whether co-conspirator statements were made in furtherance and scope of the conspiracy, as well as the admissibility of statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence.  Defendant cites no precedent or rule justifying such a proceeding, other than Rule 801(d)(2)(E) which does not provide for a pretrial, non-jury hearing by the trial judge to determine such factual issues related to a conspiracy charge.  Accordingly, Defendant's motion will be denied to the extent that it seeks to resolve factual merits of the conspiracy charge.

### IV. Conclusion

For the reasons stated above, the Court will deny Defendant's motion to suppress evidence of the 2004 conviction and motion to dismiss Count I of the superceding indictment.  The Court will also grant Defendant's motion for a pretrial hearing in part and deny in part.

January 16, 2007              _____/s/_____
Alexandria, Virginia              James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE