IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL NO. 06-CR-399 (JCC)
                              )
KAREEM SAUNDERS,              )
                              )
        Defendant.            )

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendant's motions for judgment of acquittal and a new trial, and *pro se* motions. For the following reasons, and for the reasons stated in open Court, all of these motions will be denied.

### I.  Background

On September 21, 2006 Defendant Kareem Saunders ("Saunders") was indicted by a grand jury in the Eastern District of Virginia for conspiracy to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846 ("Count I"); forfeiture of drug assets pursuant to 21 U.S.C. § 853 ("Count II"), and two counts of possession of firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) ("Count III" and "Count IV"). On September 29, 2006 Defendant waived formal arraignment, entered a plea of not guilty, and demanded a jury trial. Following this plea, Defendant filed *pro se* motions to dismiss for vagueness, lack of probable cause, and lack of subject matter and personal

jurisdiction; to suppress the criminal complaint and dismiss charges with prejudice; and for bond.  All of these motions were denied by the Court, and Defendant proceeded to trial.  A three-day jury trial was conducted in the United States District Court for the Eastern District of Virginia.  On January 25, 2007 the jury found Defendant guilty beyond a reasonable doubt for Counts I, III, and IV.  On January 31, 2007 Defendant filed a motion for a new trial and renewed his motion for judgment of acquittal. These motions are currently before the Court.

## II.  Motion for a New Trial

Rule 33 of the Federal Rules of Criminal Procedure grants the trial court discretion to "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  According to the Fourth Circuit, "Rule 33 confers broad discretion on a district court."  *United States v. Prescott,* 221 F.3d 686, 688 (4th Cir. 2000).  Furthermore, "the interest of justice is the touchstone for consideration" under Rule 33.  *United States v. Mitchell,* 602 F.2d 636, 639 (4th Cir. 1979).  A leading treatise instructs that "[a]ny error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial."  Wright & Miller, Federal Practice & Procedure § 556 (3d ed. 2004).

2

A) <u>Jury Question and Answer</u>

Defendant first argues that the Court provided an inadequate and confusing response to a jury question submitted during deliberations, in which the jury asked the Court "given [the] definition of conspiracy, if one person sells drugs to another, does that define a conspiracy?"  The Court considered arguments on this issue from both parties and declined ruling until the next day, at which time the Court responded:

> It depends.  The mere purchase and sale of narcotics is standing alone insufficient evidence upon which to establish a conspiracy to distribute narcotics.  There must be an agreement to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.  To be a conspiracy, the government must prove the elements set forth in the jury instructions.

Defendant now argues that this response was inadequate and confusing, and inconsistent with Seventh Circuit precedent established by *United States v. Garcia,* 89 F.3d 362, 365 (7th Cir. 1996).  These arguments lack merit for several reasons.  First, the instruction is an adequate and correct statement of law, derived directly from binding and persuasive precedent.  *See United States v. Johnson,* 437 F.3d 665, 675 (7th Cir. 2006).  *See also United States v. Grover,* 85 F.3d 617, n.12 (4th Cir. 1996)(citing *United States v. Mills,* 995 F.2d 480, 485 n.1 (4th Cir. 1993)).  Second, Defendant's reliance upon *Garcia* is misguided.  The rule Defendant attempts to extract from dicta in

3

*Garcia*--by which a buyer-seller relationship can *never* constitute a conspiracy--is simply incorrect.  In *Garcia,* the Seventh Circuit agreed with the general rule expressed by the Court to the jury, and ultimately upheld the conviction, holding that:

> [Defendant] Garcia simply misreads *Lechuga.* On the facts of this case, *Lechuga* stands only for the proposition that Garcia's attempted purchase from Betancourt in and of itself cannot constitute a conspiracy between Betancourt and Garcia. *Cf. United States v. Baskin-Bey,* 45 F.3d 200 (7th Cir. []) (holding that *Lechuga* is inapplicable when the alleged coconspirators are on the same side of the transaction), *cert. denied*, 514 U.S. 1089 (1995). Garcia's agreement with McAfee to purchase drugs from Betancourt for distribution by McAfee does constitute a conspiracy under *Lechuga. Id.*[1]

*Id.* at 365.  Thus, the *Garcia* decision only reinforces the notion that a buyer-seller relationship does constitute a conspiracy when it accompanies an "agreement to violate the law by some joint or common plan or course of action," as described by the Court to the jury.  Furthermore, as noted above, other Seventh Circuit cases also support the instruction given by the Court. *See Johnson,* 437 F.3d at 675 (7th Cir. 2006).  Accordingly, *Garcia* does not support Defendant's position and this Court's instruction was consistent with both Fourth and Seventh Circuit precedent.  The Court sees no error to correct and no reason to grant a new trial on this ground.

---

[1] The case referenced is *United States v. Lechuga*, 994 F.2d 346 (7th Cir. 1995).

4

Finally, Defendant's assertion that he was somehow prejudiced by this answer to the jury's question is baseless. The response at issue was favorable to the Defendant in that it directly cautioned the jury against convicting him of conspiracy on a buyer-seller relationship alone, without an actual criminal agreement.  Furthermore, this case did not involve a single buyer-seller transaction, but rather a continuous eighteen-month operation in which Defendant knowingly and willingly conspired with Robert Barbour, Dwayne and Brian Price, as well as Tyrone and Ricky Jones to distribute cocaine across the Northern Virginia area.  Defendant's conviction was firmly supported by evidence that established his membership in a conspiracy to distribute narcotics.  Accordingly, this Court finds no error or confusion resulting from the Court's response to the buyer-seller question, and Defendant's motion for a new trial will be denied on this ground.

B) Robert Barbour's Prior Testimony

Defendant next moves for a new trial on the grounds of newly discovered evidence and the Government's alleged failure to fully disclose prior inconsistent testimony.  The testimony at issue was given by Government witness Robert Barbour ("Barbour") on October 24, 2006 in the Prince William County General District Court, when Barbour testified at a preliminary hearing in the matter of *Commonwealth v. Joseph Jade.*  During that proceeding,

Barbour testified falsely regarding the circumstances of his shooting, and denied being involved in a drug deal when he was shot by Mr. Jade.  Barbour also denied involvement in trafficking and selling of cocaine, and claimed that he was introduced to Jade by a female named Carisma rather than Defendant.

At Defendant's trial, Barbour testified that he and Defendant conspired to sell cocaine and cocaine base and engaged in an ongoing drug operation.  He also testified that Defendant introduced him to Joseph Jade as a partner in the drug business, (Tr. at 28), and detailed several drug deals involving himself, Jade, and Defendant during the spring of 2006.  Part of this testimony involved Barbour's account of Jade's robbing him at gun point and shooting him several times during one of their drug transactions.  This testimony was different than that of the October hearing, where Barbour denied being a drug dealer or engaging in drug transactions with Jade, and stated that a female named Carisma introduced him to Jade.

1) <u>Newly Discovered Evidence</u>

The Fourth Circuit has developed a five-part test for evaluating motions for a new trial based on newly discovered evidence.  Under this test, a motion for a new trial should only be granted if:

> (1) the evidence is newly discovered; (2) the movant exercised due diligence in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is

> material to the issues; and (5) the evidence
> would probably result in an acquittal at a
> new trial.

*United States v. Chavis,* 880 F.2d 788, 793 (4th Cir. 1989).  Each

prong of this test must be satisfied to justify a new trial, and

evidence that is merely impeaching is ordinarily insufficient to

do so.  *United States v. Custis,* 988 F.2d 1355 (4th Cir. 1993).

Defendant fails to satisfy this test for several

reasons.  First, the evidence at issue is simply a transcript

from a prior proceeding containing prior inconsistent

statements.[2]  While this testimony would have been valuable as

impeachment evidence, the Court is not persuaded that it would

have served any other material purpose.  Barbour testified during

Defendant's trial and explained his illicit business arrangement

with the Defendant with intricate detail.  He also admitting that

he was shot by Jade during a drug deal.  Essentially, Barbour

looked the jury in the eyes and admitted to them that he is a

criminal.  Such an admission is not typically the product of

fabrication, but to the contrary it is very common for criminals

to deny involvement in illegal activity.  Thus, prior statements

that he did not deal drugs would do little to even raise a

question of credibility.

---

[2]Barbour did not offer any testimony exonerating or even mentioning the
Defendant at the prior proceeding.

7

Furthermore, additional impeachment of Barbour through the proffered prior inconsistent statements would primarily be cumulative in nature.[3]  Barbour's credibility was addressed at trial, and defense counsel was able to impeach him with respect to numerous other prior inconsistent statements (Tr. at 76-77). Defense counsel questioned Barbour regarding "several versions of the story" given during his period of his cooperation with the Government, (Tr. at 78) and addressed inconsistent statements that he met Jade through someone other than Defendant. (Tr. at 75-76).  Thus, the impeachment value of the transcript for these points would be minimal.

Finally, consideration of this evidence would not result in an acquittal at a new trial.  While Barbour's testimony was valuable, it was far from essential to the guilty verdict entered against the Defendant.  Defendant was convicted on Count IV based on evidence entirely independent of Barbour's testimony, and the Government provided testimony from numerous other co-conspirator witnesses,[4] each detailing Defendant's activity as a conspirator to distribute cocaine and cocaine base.  This testimony was corroborated by physical evidence.  In fact, even

---

[3]While defense counsel argues that Barbour's statements would have been used for purposes other than impeachment, this Court is unpersuaded.  Barbour never mentioned Defendant at the prior proceeding, and the statements at issue would not shed any additional light on Defendant's relationship with Jade. The only relevant purpose of the statements would be to further impeach Barbour's credibility as a witness.

[4]*See, e.g.,* Testimony of Tyrone Jones, Myron Williams, Ricky Jones, Wayne Brown, Dwayne Price, Kevin Tate, Brian Price.

excluding Barbour's testimony altogether, the other evidence against the Defendant was strong enough to support a guilty verdict on all counts.  Accordingly, Defendant's motion for a new trial will be denied on this ground.

      2) <u>Failure to Disclose Information</u>

      It is well settled that the Government is not permitted to suppress exculpatory evidence and is required to disclose evidence tending to impeach its witnesses.  *See Brady v. Maryland,* 373 U.S. 83, 87 (1963); *Giglio v. United States,* 405 U.S. 150 (1972).  However, the evidence that must be disclosed is specifically limited to "documents within the federal [G]overnment's actual possession, custody, or control."  *United States v. Pinto,* 905 F.2d 47, 50 (4th Cir. 1990).

      Defendant alleges a *Brady* violation on the ground that the "Government had knowledge of Robert Barbour's testimony and failed to fully disclose the extent of his testimony and how it conflicted with the testimony ... elicited from him at trial." (Def.'s Mot. at 3).  Defendant's argument fails for several reasons.  First, the Government did disclose the evidence to the Defendant to the extent available.  On January 12, 2007, and again on January 18, 2007, the Government reported to Defendant a summary of the relevant testimony stating that Barbour "denied that a drug deal was taking place between Barbour and Jade that preceded the shooting" and explained that this statement was not

9

true.  Thus, the Government complied with its obligations under *Brady* and *Giglio.*  Second, the Government did not have possession, custody, or control--or even knowledge of the transcript prior to Defendant's trial.  Accordingly, there was no non-disclosure violation for failure to produce the transcript, and Defendant's motion will be denied on this ground.  *See Pinto,* 905 F.2d at 50; *United States v. Capers,* 61 F.3d 1100, 1103-04 (4th Cir. 1995).

### III. Motion for Judgment of Acquittal

A defendant may move for a judgment of acquittal within seven days after a guilty verdict.  Fed. R. Crim. P. 29(c)(1).  The question raised by a motion for a judgment of acquittal is whether "as a matter of law the government's evidence is insufficient to establish factual guilt on the charges in the indictment."  *United States v. Alvarez,* 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalis v. Pennsylvania,* 476 U.S. 140, 144 (1986)).  In reviewing a motion for judgment of acquittal, the court must consider the evidence and "all reasonable inferences that can be drawn from it in the light most favorable to the government, and then determine whether any rational finder of fact could have found the essential elements of the crimes charged beyond a reasonable doubt."  *United States v. Childress,* 26 F.3d 498, 501 (4th Cir. 1994); *accord Bonds v. Beale,* 145 F. Supp. 2d 708, 720 (E.D. Va. 2001).

Defendant moves for judgment of acquittal alleging that: (1) the prosecution did not establish a conspiracy by a preponderance of the evidence or beyond a reasonable doubt and co-conspirator statements in furtherance of the conspiracy were erroneously admitted pursuant to Rule 801(d)(2)(E); (2) a buyer-seller agreement cannot be the basis of a conspiracy, but was in this case; and (3) evidence of quantities of drugs and firearms was improper.

A) <u>Establishment of Conspiracy and Co-Conspirator Statements</u>

It is for the judge and not the jury to determine the admissibility of co-conspirator declarations.  In making this determination the test is not whether the Defendant's connection had by independent evidence been proved beyond a reasonable doubt, but whether, accepting the independent evidence as credible, the judge is satisfied that a *prima facie* case (one which would support a finding) has been made.  *United States v. Jones,* 542 F.2d 186, 203 n.33 (4th Cir. 1976).  *See also United States v. Vaught,* 485 F.2d 320, 323 (4th Cir. 1973).  The government can discharge its burden by introducing "substantial, independent evidence of the conspiracy, at least enough to take the question to the jury." *United States v. Stroupe,* 538 F.2d 1063, 1065 (4th Cir. 1976)(quoting *United States v. Nixon*, 418 U.S. 683, 701 n.14 (1974)).  The Fourth Circuit has expressed the same principle in terms of "*prima facie* proof of the conspiracy,"

11

or proof by a fair preponderance of independent evidence. *Stroupe,* 538 F.2d at 1065.  Whether the standard has been satisfied is a question of admissibility of evidence to be decided by the trial judge.  *Nixon,* 418 U.S. at 701 n.14; *Carbo v. United States*, 314 F.2d 718, 735-38 (9th Cir. 1963).

In this case, the Government more than adequately established *prima facie* proof of a conspiracy to distribute narcotics involving Defendant, Robert Barbour, Dwayne Price, Brian Price, Ricky Jones, Tyrone Jones, and others.  Each witness provided details of Defendant's involvement in the conspiracy to distribute cocaine and cocaine base, which was corroborated by physical evidence and testimony.  Thus, *prima facie* proof of conspiracy was established by a fair preponderance of the evidence.  In fact, the evidence overwhelmingly supported a conspiracy involving these individuals--enough for a jury to find so beyond a reasonable doubt.  This Court admitted statements made during the course of, and in furtherance of that conspiracy, and Defendant has identified no particular statements with which he takes issue.  Thus, Defendant's argument that the Government failed to establish a conspiracy by a preponderance of the evidence and improperly admitted hearsay statements lacks merit, and Defendant's motion will be denied on this ground.

B) Buyer-seller agreement

Defendant incorporates the arguments raised that a "buy-sell transaction cannot be a conspiracy" and objections to the Court's answer to the jury question raised in his motion for a new trial. The legal merits of these arguments were previously addressed, and the Court again finds that its instruction to the jury was accurate and easily understood. The jury correctly convicted Defendant of conspiracy based on the evidence presented at trial, which overwhelmingly supported that Defendant was engaged in a conspiracy to distribute cocaine and cocaine base and not just a buy-sell transaction. Accordingly, Defendant's motion will be denied.

C) Quantity of Drugs and Firearms

Defendant finally moves for judgment of acquittal on the grounds that admission of evidence regarding quantities of crack and powder cocaine as well as firearms, without evidence of a conspiracy is improper. As previously discussed, extensive evidence was presented at trial establishing conspiracy, through the testimony of eight cooperating witnesses and physical evidence such as phone records, unexplained wealth, and other physical evidence that corroborated their testimony that Defendant conspired to distribute cocaine and cocaine base. It was this evidence that lead the jury to conclude beyond a reasonable doubt that Defendant was guilty of conspiracy to

13

distribute more than 50 grams of crack cocaine and five kilograms of cocaine, as well as two counts possession of a firearm in furtherance of a drug trafficking crime.  Accordingly, evidence showing drug quantity and firearms was properly admitted, and Defendant's motion will be denied.

      D)  <u>Conclusion</u>

      The Government properly established a conspiracy, and co-conspirator statements made during the course and in furtherance of that conspiracy were properly admitted.  Evidence of drug quantity and firearms was also properly admitted.  After considering the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the Government, this Court finds that a rational finder of fact could have, and did, find the essential elements of the crimes charged beyond a reasonable doubt.  Thus, the record supports the jury's unanimous verdict, and Defendant's motion for judgment of acquittal will be denied.

## IV.  **Defendant's *Pro Se* Motions**

      Defendant raises several additional issues in motions filed *pro se.*  Defendant moves the Court (1) for a new trial based on ineffective assistance of counsel; (2) "for acquittal pursuant;" and finally (3) to dismiss charges on the grounds of "a violation of due process, Speedy Trial Act, and also Double Jeopardy as well as ineffective assistance of counsel."  For the

following reasons, these various motions all lack merit and will be denied.

A) <u>Speedy Trial Act Allegations</u>

Defendant raises ineffective assistance on the ground that Defense counsel failed to file motions for violations of the Speedy Trial Act.  On January 19, 2007, this Court ruled on Defendant's objections to the Speedy Trial Act calculation and found no violation of the Speedy Trial Act.  This Court will not alter its prior ruling.  In computing the 30-day time period allowed between arrest and indictment, days on which pretrial proceedings are held are excluded per 18 U.S.C. 3161(h)(1)(F). Thus, the date of initial appearance is excluded from the 30 days.  *See United States v. Leftenant,* 341 F.3d 338, 344 (4th Cir. 2003).  Defendant admittedly agreed to extend the Speedy Trial Act indictment deadline to September 22, 2006, and did so through a joint motion filed on August 29, 2006.  In this joint motion, Defendant acknowledged the Speedy Trial Act deadline of September 7, 2006, which included excluded time.  Furthermore, in filing and signing this motion, Defendant consented to an exclusion of the extended time under the Speedy Trial Act to September 22, 2006.  The Court issued an order on September 5, 2006, and stated as reason for exclusion that "the reasons for granting the joint motion outweigh the best interests of the public and the defendant in a speedy trial."  *See* September 5,

15

2006 Order.  Defendant agreed to extend the indictment deadline
to September 22, 2006, and he was indicted on September 21, 2006.

Defendant now argues that the joint motion was granted
32 days after his initial appearance and thus violated the Speedy
Trial Act.  This assertion is incorrect.  After accounting for
excluded time, such as the date of initial appearance, the Speedy
Trial Act deadline fell on September 7, 2006.  Furthermore, when
the 30th day falls on a weekend or holiday, indictment on the
next business day is sufficient.  *United States v. Wright,* 990
F.2d 147, 149 (4th Cir. 1993).  Even by Defendant's own erroneous
calculation, which does not account for days excluded, the 30th
day fell on Sunday, September 3, 2006.  This was the day before
the Labor Day Holiday and the next business day was September 5,
2006--the date on which the joint motion to extend, signed by
Defendant, was granted.  Accordingly, there is no valid Speedy
Trial Act issue related to the indictment, and defendant's motion
will be denied.

   B) Double Jeopardy

Defendant once again raises the argument of double
jeopardy.  Defendant's motion has no merit, and has already been
denied in open court.  There is no reason for the Court to
reconsider its previous ruling.  Furthermore, the Court finds no
merit to incorporation of this motion to the ineffective
assistance claims.  The Court finds that Defense counsel's

alleged failures to pursue an appeal of the Court's double jeopardy ruling and other rulings were well within reason, as Defendant's motions were frivolous and not based upon a sound legal foundation.

    C) <u>Ineffective Assistance of Counsel</u>

       Whether reached on appeal of in a post conviction proceeding, the two-pronged test announced by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984) is the benchmark in determining whether assistance of counsel has been constitutionally adequate. *See, e.g., United States v. Terry,* 366 F.3d 312, 314 (4th Cir. 2004). Under the *Strickland* test, Defendant must show that: (1) counsel's representation fell short of an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687-94. Defendant bears the burden of proving *Strickland* prejudice, and unless the Defendant meets that burden, a reviewing court need not consider the performance prong. *Fields v. Attorney General of Maryland,* 956 F.2d 1290, 1297 (4th Cir. 1992). *Accord Strickland,* 466 U.S. at 697; *Terry,* 366 F.3d at 315.

       In determining whether defense counsel's representation met the objective standard of reasonableness, the American Bar Association Standards for Criminal Justice states:

> decisions on what witnesses to call, whether
> and how to conduct cross-examination, what
> jurors to accept or strike, what trial motions
> should be made, and all other strategic and
> tactical decisions are the exclusive province
> of the lawyer after consultation with his
> client.

Standards Relating to the Defense Function, Rule 5.2. *See also*

*Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003); *United States v.*

*Mullins,* 315 F.3d 449, 453 (5th Cir. 2002)(it well settled that

counsel has wide latitude in deciding how to best represent a

client, and courts must be highly deferential to counsel's trial

strategy). Thus, defense counsel cannot be held ineffective for

exercising professional judgment and electing not to pursue

frivolous motions or tactical avenues on behalf of his client. In

this case, the various motions Defendant alleges that defense

counsel refused to file on his behalf were frivolous and wholly

lacked merit. (*See, e.g.,* Def.'s *Pro Se* Mot. for a New Trial at

¶4)(referencing a "motion to quash criminal complaint due to

double jeopardy and criminal complaint was lacking on its face").

Defendant complains that defense counsel refused to pursue and

file motions related to double jeopardy, alleged Speedy Trial Act

violations, lack of probable cause, and other grounds for relief.

The Court has examined these motions filed by Defendant *pro se*

and finds no legal merit to any of them. Accordingly, Defendant

fails to establish ineffective assistance or prejudice resulting

from defense counsel's refusal to file these motions.
Defendant's motion will be denied on this ground.

Defendant raises several other allegations of
ineffective assistance, such as failing to discuss discovery or
co-conspirator statements with Defendant, retrieve medical
records, and failure to ask questions requested by Defendant
during trial. However, he does not express how any of these
allegations would have affected the outcome of his trial.  In
fact, the only assertion claiming outcome effectiveness is an
unsupported claim that defense counsel did not submit medical
records that would have somehow exonerated him.

It is well settled that unsubstantiated assertions fall
short of the standard needed to show ineffective assistance.  *See
United States v. Baldwin,* 60 F.3d 825 (4th Cir. 1995)(citing *Hill
v. Lockhart,* 474 U.S. 52, 58-59 (1985)).  Defendant offers no
evidence to support this allegation.  Accordingly, the Court
finds no evidence in the record that suggests either prejudice or
objectively unreasonable conduct by defense counsel for these
various allegations.

Finally, as mentioned in section II of this Opinion,
the Court conducted a three-day trial and witnessed the testimony
and evidence presented to the jury.  The evidence presented
against the Defendant was overwhelmingly strong in support of the
guilty verdict.  It was this overwhelming evidence that led the

jury to convict the Defendant, not inadequate representation.

Accordingly, Defendant's motion for a new trial based on

ineffective assistance of counsel will be denied.

    D) <u>Remaining Arguments</u>

      Defendant's *pro se* motion for judgment of acquittal

also lacks merit.  As stated above, in reviewing a motion for

judgment of acquittal, "the court must consider the evidence and

all reasonable inferences that can be drawn from it in the light

most favorable to the government, and then determine whether any

rational finder of fact could have found the essential elements

of the crimes charged beyond a reasonable doubt."  *United States

v. Childress,* 26 F.3d 498, 501 (4th Cir. 1994); *accord Bonds v.

Beale,* 145 F. Supp. 2d 708, 720 (E.D. Va. 2001).  Defendant's

attempts to reargue the merits of the case and attack the

credibility of the Government's witnesses are improper in a

motion for judgment of acquittal.  For the same reasons stated

above with respect to Defendant's motion for judgment of

acquittal filed by counsel, the Court finds that the evidence

overwhelmingly supported conviction on all counts.  Accordingly,

Defendant's motions will be denied.

## IV.   Conclusion

For the reasons stated above and in open Court, all of Defendant's motions will be denied.  An appropriate Order will issue.

May 11, 2007                    _____/s/_____
Alexandria, Virginia                James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE

21